1  Jack Silver, Esq. SB #160575
LAW OFFICE OF JACK SILVER
2  708 Gravenstein Hwy. No. #407
Sebastopol, CA 95472-2808
3  Telephone (707) 528-8175
Email: jsilverenvironmental@gmail.com
4
David J. Weinsoff, Esq. SB #141372
5  LAW OFFICE OF DAVID J. WEINSOFF
138 Ridgeway Avenue
6  Fairfax, CA 94930
Telephone (415) 460-9760
7  Email: david@weinsofflaw.com

8  Attorneys for Plaintiff
CALIFORNIA RIVER WATCH
9

10            UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12  CALIFORNIA RIVER WATCH, an IRC          Case No.: 3:21-cv-00045
Section 501(c)(3), non-profit, public benefit
13  corporation,                            **COMPLAINT FOR INJUNCTIVE RELIEF,**
                Plaintiff,                  **CIVIL PENALTIES,**
14       v.                                 **AND DECLARATORY RELIEF**

15  DONALD J. MOREDA, JR., DEBORAH          (Environmental - Clean Water Act
MOREDA, STEPHANIE MOREDA-AREND,            33 U.S.C. § 1251 *et seq*.)
16  and DOES 1 - 10, Inclusive,

17            Defendants.
      _____/
18

19        Plaintiff CALIFORNIA RIVER WATCH, an Internal Revenue Code § 501(c)(3), non-profit,

20  public benefit corporation, ("RIVER WATCH") hereby brings this civil action pursuant to the Federal

21  Water Pollution Control Act, also known as the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251 *et seq*.

22  **I.    INTRODUCTION**

23  1.      This action is a citizens' suit for injunctive relief, civil penalties, and remediation brought against

24  Defendants DONALD MOREDA, JR., DEBORAH MOREDA, STEPHANIE MOREDA-AREND, and

25  DOES 1 - 10, Inclusive, (collectively, "MOREDA") for routinely draining Moreda Lake[1], a water of the

26  United States, and the discharging of its contents to San Antonio Creek, which drains to the Petaluma

27  _____

28  [1] Note that the use of the name Moreda Lake, also labeled as Moreda Laguna and Lake Laguna in
published mapping, is used here to ensure uniformity throughout the Complaint.

1

1  River, which empties to San Francisco Bay, all waters of the United States, without a National Pollutant

2  Discharge Elimination ("NPDES") permit as required by CWA § 301(a), 33 U.S.C. § 1311(a), and CWA

3  §§ 402(a) and 402(b), 33 U.S.C. §§ 1342(a) and 1342(b).

4  2.       On or about March 11, 2020, RIVER WATCH provided notice of MOREDA's violations of the

5  CWA to the (1) Administrator of the United States Environmental Protection Agency ("EPA"), (2)

6  EPA's Regional Administrator for Region Nine, (3) Executive Director of the State Water Resources

7  Control Board ("State Board"), (4) Donald J. Moreda, Jr., (5) Deborah Moreda and (6) Stephanie

8  Moreda-Arend as required by the CWA, 33 U.S.C. § 1365(b)(1)(A). A true and correct copy of RIVER

9  WATCH's 60-Day Notice of Violations ("Notice") is attached as **EXHIBIT A** and incorporated by

10 reference. Donald J. Moreda, Jr., Deborah Moreda, Stephanie Moreda-Arend, the State Board, the

11 Regional and National Administrators of EPA all received this Notice.

12 3.       More than sixty days have passed since RIVER WATCH's Notice was served on Donald J.

13 Moreda, Jr., Deborah Moreda, Stephanie Moreda-Arend, the State Board, and the Regional and National

14 EPA Administrators. RIVER WATCH is informed and believes, and thereupon alleges, that neither the

15 EPA nor the State of California has commenced or is diligently prosecuting a court action to redress the

16 violations alleged in this Complaint. This action's claim for civil penalties is not barred by any prior

17 administrative penalty under section 309(g) of the CWA, 33 U.S.C. § 1319(g).

18 **II.      JURISDICTION and VENUE**

19 4.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal

20 question), and 33 U.S.C. § 1365(a) (CWA citizen suit jurisdiction). The relief requested is authorized

21 pursuant to 28 U.S.C. §§ 2201-2202 (declaratory relief), 33 U.S.C. §§ 1319(b), 1365(a) (injunctive

22 relief), and 33 U.S.C. §§ 1319(d), 1365(a) (civil penalties).

23 5.       Venue is proper because MOREDA, and the events or omissions giving rise to RIVER

24 WATCH's claims occurred, in this District.  28 U.S.C. § 1391(b)(1),(2). Venue is also proper because

25 MOREDA's CWA violations have occurred and are occurring within the District. 33 U.S.C. §

26 1365(c)(1).

27 **III.     PARTIES**

28 6.       RIVER WATCH is, and at all times relevant to this Complaint was, an Internal Revenue Code

Complaint for Injunctive Relief, Civil Penalties, and Declaratory Relief

§ 501(c)(3) non-profit, public benefit corporation organized under the laws of the State of California, with headquarters located in Sebastopol, California and mailing address of 290 S. Main Street, #817, Sebastopol, California 95472. The specific purpose of RIVER WATCH is to protect, enhance and help restore surface and ground waters of California including rivers, creeks, streams, wetlands, vernal pools, aquifers and associated environs, biota, flora and fauna, and to educate the public concerning environmental issues associated with these environs. Members of RIVER WATCH have interests in the waters and watersheds which are adversely affected by MOREDA's discharges and violations of the CWA as alleged herein. Said members use the effected waters and watershed areas for fishing, hiking, photography, nature walks and/or the like.  Furthermore, the relief sought will redress the injury in fact, likelihood of future injury, and interference with the interests of said members.  MOREDA's ongoing violations of the CWA will cause irreparable harm to members of RIVER WATCH for which they have no plain, speedy, or adequate remedy. The relief requested will redress the ongoing injury in fact to RIVER WATCH's members.

7.      RIVER WATCH is informed and believes, and on such information and belief alleges, that Defendant DONALD MOREDA, JR. is now, and at all times relevant to this Complaint was, an individual residing in Sonoma County, California, and a person both holding an ownership interest in and conducting agricultural operations on, that  multi-acre parcel of agricultural real property located at 3286 Chileno Valley Road, Petaluma, California and designated in the office of the Sonoma County Assessor as Assessor's Parcel No. 020-090-005-000 (the "SITE").

8.      RIVER WATCH is informed and believes, and on such information and belief alleges, that Defendant DEBORAH MOREDA is now, and at all times relevant to this Complaint was, an individual residing in Sonoma County, California, and a person both holding an ownership interest in and conducting agricultural operations on, the SITE.

9.      RIVER WATCH is informed and believes, and on such information and belief alleges, that Defendant STEPHANIE MOREDA-AREND is now, and at all times relevant to this Complaint was, an individual residing in Sonoma County, California, and a person who serves as the representative of MOREDA in correspondence with RIVER WATCH regarding the conduct of agricultural operations on the SITE.

10.     DEFENDANTS DOES 1 - 10, Inclusive, respectively are persons, partnerships, corporations or entities, who are, or were, responsible for, or in some way contributed to, the violations which are the subject of this Complaint or are, or were, responsible for the maintenance, management, supervision, operations, or insurance coverage of the SITE.  The names, identities, capacities, or functions of DEFENDANTS DOES 1 - 10, Inclusive are presently unknown to RIVER WATCH.  RIVER WATCH shall seek leave of court to amend this Complaint to insert the true names of said DOES Defendants when the same have been ascertained.

**IV.     FACTUAL ALLEGATIONS WHICH GIVE RISE TO CLAIMS**

11.     RIVER WATCH incorporates by reference all the foregoing including **EXHIBIT A** as though the same were separately set forth herein.  RIVER WATCH takes this action to ensure compliance with the CWA, which regulates the discharge of pollutants into navigable waters.  The statute is structured in such a way that all discharges of pollutants are prohibited with the exception of enumerated statutory provisions. One such exception authorizes a discharger, who has been issued a permit pursuant to CWA § 402, 33 U.S.C. § 1342, to discharge designated pollutants at certain levels subject to certain conditions. The effluent discharge standards or limitations specified in an NPDES permit define the scope of the authorized exception to the CWA § 301(a), 33 U.S.C. § 1311(a) prohibition, such that violation of a permit limit places a discharger in violation of the CWA.

12.     The CWA provides that authority to administer the NPDES permitting system in any given state or region can be delegated by the EPA to a state or to a regional regulatory agency, provided that the applicable state or regional regulatory scheme under which the local agency operates satisfies certain criteria (*see* CWA § 402(b), 33 U.S.C. § 1342(b)).  In California, the EPA has granted authorization to a state regulatory apparatus comprised of the State Water Resources Control Board and several subsidiary regional water quality control boards to issue NPDES permits.  The entity responsible for issuing NPDES permits and otherwise regulating MOREDA's operations in the region at issue in this Complaint is the Regional Water Quality Control Board, San Francisco Bay Region ("RWQCB").

13.     While delegating authority to administer the NPDES permitting system, the CWA provides that enforcement of permitting requirements under the statute relating to effluent standards or limitations imposed by the Regional Boards can be ensured by private parties acting under the citizen suit provision

1  of the statute (*see* CWA § 505, 33 U.S.C. § 1365).   RIVER WATCH is exercising such citizen

2  enforcement to enforce compliance by MOREDA with the CWA.

3  14.    RIVER WATCH has identified the draining and dewatering of Moreda Lake, a water of the

4  United States located on the SITE, and the discharging of its contents to San Antonio Creek, which

5  drains to the Petaluma River, which empties to San Francisco Bay, all waters of the United States, and

6  farming (e.g. planting corn, silage) at the SITE without an NPDES permit, in violation of CWA § 301(a),

7  33 U.S.C. 1311(a), which states in relevant part, "Except as in compliance with this section and sections

8  302, 306, 307, 318, 402, and 404 of this Act [33 U.S.C. §§ 1312, 1316, 1317, 1328, 1342, 1344], the

9  discharge of any pollutant by any person shall be unlawful."  The act defines "discharge of a pollutant"

10  as (A) any addition of any pollutant to navigable waters from any point source..." . 33 U.S.C. 33 U.S.C.

11  § 1362(12). Each and every discharge is a separate violation of the CWA. These enumerated violations

12  are based upon RIVER WATCH's own investigations, review of the RWQCB files for the SITE,

13  interviews with area residents, and review of other files publicly available.

14      This Complaint includes any and all violations evidenced by records and monitoring data for the

15  SITE which MOREDA, or those in its behalf, have submitted (or failed to submit) to the RWQCB

16  and/or other regulatory agencies during the period March 1, 2015 to March 1, 2020.  This Complaint also

17  includes any and all violations which may have occurred but for which data may not have been available

18  or submitted or apparent from the face of the reports or data submitted by MOREDA to the RWQCB

19  or other regulatory agencies. Observations indicate that the discharge from the SITE is continuous and

20  therefore the violations of the CWA are continuous.

21  15.    RIVER WATCH alleges that for the period March  1, 2015 to the present, MOREDA has

22  violated the Act as described herein.  RIVER WATCH alleges these violations are continuing or have

23  a likelihood of occurring in the future.

24  **V.    STATUTORY AND REGULATORY BACKGROUND**

25  16.    CWA § 301(a), 33 U.S.C. § 1311(a) prohibits discharges of pollutants or activities not authorized

26  by, or in violation of, an effluent standard or limitation or an order issued by the EPA or a State with

27  respect to such a standard or limitation including a NPDES permit issued pursuant to CWA § 402, 33

28  U.S.C. § 1342. Additional sets of regulations are set forth in the Basin Plan, California Toxics Rule, the

5

1    Code of Federal Regulations, and other regulations promulgated by the EPA and the State Water

2    Resources Control Board.

3    17.    The affected waterways detailed in this Complaint and in the Notice are navigable waters of the

4    United States within the meaning of CWA § 502(7), 33 U.S.C. § 1362(7).

5    18.    The Administrator of the EPA has authorized the Regional Water Quality Control Board to issue

6    NPDES permits, subject to specified conditions and requirements, pursuant to CWA § 402, 33 U.S.C.

7    § 1342.

8    19.    MOREDA is in possession of no NPDES Permit authorizing it to discharge pollutants from the

9    draining and dewatering of Moreda Lake at the SITE into navigable waters of the United States within

10   the meaning of the CWA.

11   **VI.    VIOLATIONS**

12   20.    MOREDA's alleged unpermitted discharges, as detailed herein and in the Notice are violations

13   of CWA § 301(a),  33 U.S.C. § 1311(a).

14   21.    The enumerated alleged violations are detailed in the Notice, incorporated herein by reference,

15   and below, designating the section of the CWA violated by the described activity.

16   **VII.    CLAIM FOR RELIEF  - Pursuant to CWA § 505(a)(1)(A), 33 U.S.C. 1365(a)(1)(A) -**

17   **Violation of an effluent standard or limitation under the CWA - Discharges of a Pollutant**

18   **From a Point Source to Navigable Waters of the United States not in Compliance with the**

19   **Act.**

20   22.    RIVER WATCH realleges and incorporates by reference the allegations of Paragraphs 1 - 21,

21   including **EXHIBIT A**, as though fully set forth herein.

22   23.    MOREDA has allegedly violated and continues to violate the CWA as evidenced by the

23   discharges of pollutants from a point source to waters of the United States in violation of CWA § 301(a),

24   33 U.S.C. § 1311(a).

25   24.    All alleged discharges identified herein are ongoing violations of CWA § 301(a), 33 U.S.C.

26   1311(a) in that they are discharges of a pollutant from a point source to a water of the United States

27   without complying with any other sections of the Act.  The ongoing nature of these violations can be

28   found in MOREDA's records and photographs of the SITE. MOREDA's ongoing violations of the CWA

Complaint for Injunctive Relief, Civil Penalties, and Declaratory Relief

will cause irreparable harm to members of RIVER WATCH for which they have no plain, speedy, or adequate remedy.  The relief sought will redress the injury in fact, likelihood of future injury, and interference with the interests of said members of RIVER WATCH.

**VIII.   RELIEF REQUESTED**

WHEREFORE, RIVER WATCH prays that the Court grant the following relief:

25.     Declare MOREDA to have violated and to be in violation of the CWA.

26.     Issue an injunction ordering MOREDA to immediately operate its agricultural operations on the SITE in compliance with the CWA by halting the draining and dewatering of Moreda Lake.

27.     Order MOREDA to pay civil penalties per violation per day for its violations of the CWA pursuant to 33 U.S.C. §§ 1319(d), 1365, and 40 CFR §§ 19.1 - 19.4.

28.     Order MOREDA to pay reasonable attorneys' fees and costs of RIVER WATCH (including expert witness fees), as provided by CWA § 505(d), 33 U.S.C. § 1365(d).

29.     For such other and further relief as the court deems just and proper.


DATED: January 4,  2021                    LAW OFFICE OF JACK SILVER

                                           By: _____
                                                  Jack Silver

DATED: January 4,  2021                    LAW OFFICE OF DAVID WEINSOFF

                                           By: _____
                                                  David J. Weinsoff

                                           Attorneys for Plaintiff
                                           CALIFORNIA RIVER WATCH